# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3432

_____

| | | |
|---|---|---|
| Yvonne M. Bohac, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Thomas M. Walsh; Suelthaus & Walsh; | * | |
| First National Bank of the Mid-South; | * | Appeal from the United States |
| The Bank of Advance; Missouri | * | District Court for the Eastern |
| Department of Economic Development; | * | District of Missouri. |
| Salim I. Akbani; Akbani Industries, Inc.; | * | |
| Sportswear, Incorporated; By the | * | |
| Administrator of the United States of | * | |
| America, also known as Small Business | * | |
| Administration, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: May 13, 2004
Filed: October 25, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Yvonne M. Bohac ("Bohac") and Salim I. Akbani ("Akbani") were married from 1982 until May 1997. In 1995, Bohac and Akbani co-signed loan guarantees of Akbani's two corporations, Akbani Industries, Inc. and Sportswear, Incorporated. Bohac later learned that her husband had engaged in bank fraud (check kiting) from

October to December 1994. In 1998, creditors foreclosed on properties of Bohac, Akbani and Akbani's corporations. Akbani filed Chapter 7 bankruptcy, but many of his debts were not dischargeable. Bohac claims she is liable to pay at least $1,948,767 as a result of signing the loan guarantees.

On November 25, 2002, Bohac filed a complaint against nine defendants: (1) Thomas M. Walsh, (2) Suelthaus & Walsh, P.C., (3) First National Bank of the Mid-South, (4) The Bank of Advance, (5) Missouri Department of Economic Development, (6) Akbani, (7) Akbani Industries, Inc., (8) Sportswear, Incorporated, and (9) the United States of America, by the Administrator of the Small Business Administration ("Small Business Administration"). She alleged that each defendant knew of Akbani's check kiting activities and failed to warn her, and that their silence constituted fraud. The district court dismissed the claim against the Small Business Administration, holding that the United States was entitled to sovereign immunity. The district court[1] dismissed the claims against the rest of the defendants for lack of subject matter jurisdiction.

We agree with the district court that sovereign immunity bars Bohac's claim against the Small Business Administration. As the district court succinctly stated:

> Plaintiff's claim is one for fraud. Fraud is a tort for which only the Federal Tort Claims Act can potentially provide a cause of action against the United States and a waiver of the government's sovereign immunity. See 28 U.S.C. § 2679(a) and § 1346(b). Section 2679(a) expressly states that this is so notwithstanding the provision of 15 U.S.C. § 634(b)(1) authorizing the Administrator of the SBA to "sue and be sued."

District Court Opinion at 3-4.

---

[1] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

In addition, even if Bohac's claim was cognizable under the Federal Tort Claims Act, it is procedurally defaulted because she failed to exhaust her administrative remedies. Under the Federal Tort Claims Act, a claimant must present her "claim to the appropriate Federal agency" and the agency must make a final decision before the claimant may bring an action against the United States. 28 U.S.C. § 2675(a). Further, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). It is undisputed that Bohac failed to file an administrative claim with the Small Business Administration prior to bringing suit against the United States. Her claim against the Small Business Administration is therefore barred.

As to the remaining defendants, the plaintiff has not stated any basis for federal jurisdiction. In fact, it does not appear that the plaintiff appealed the district court's decision to decline to exercise supplemental jurisdiction. To the extent that it was appealed, we affirm the district court.

The judgment of the district court is therefore affirmed.

_____